IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:19-CV-424-JDK-JDL |
| STATE OF TEXAS, ET AL., | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Geoffrey Peters, an inmate proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On February 6, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 10), recommending that Plaintiff's action be dismissed against Defendants State of Texas, Texas Medical Branch, Lorie Davis, Annales Frushamerritt, Kimberly Drew, Mary Linson, Warden England, Captain Black, and Sgt. King. *Id.* at 8. Plaintiff filed objections on March 9, 2020, and March 13, 2020. Docket Nos. 12–13.

The Court overrules Plaintiff's objections. Plaintiff's only specific objection is that his pleadings crossed "the line from 'conceivable to plausible'" because his exhibits and evidence prove the existence of an illegal cover-up by Defendants. Docket No. 13 at 12–14. Plaintiff, however, does not dispute the Magistrate Judge's proper conclusions that: (1) Plaintiff's claims against the State of Texas and the Texas Medical Branch are barred by the Eleventh Amendment; (2) Plaintiff's claims that Lorie Davis intentionally transferred and controlled Plaintiff were speculative at best and conclusory; (3) Plaintiff failed to state a claim against Frushamerritt, Drew,

and Linson because Plaintiff did not specify their personal involvement; and (4) Plaintiff's claims against Warden England, Captain Black, and Sgt. King appear in another pending lawsuit filed by Plaintiff and therefore may be dismissed without prejudice to Plaintiff's right to pursue these claims in his other case. *See, e.g.*, *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (2014) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."); *Morales v. Horn*, No. G-05-0560, 2008 WL 4746763, at *2 n.7 (S.D. Tex. Oct. 28, 2008) (noting that the State Classification Committee "is responsible for 'reviewing and approving Institutional offenders for all inter-unit transfers'" (citation omitted)); *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant.").

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 10) be **ADOPTED**. It is further

**ORDERED** that Plaintiff's claims against Defendants State of Texas and Texas Medical Board are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that Plaintiff's claims against Defendants Lorie Davis, Annales Frushamerritt, Kimberly Drew, Mary Linson, Warden England, Captain Black, and Sgt. King are **DISMISSED**

**WITHOUT PREJUDICE**. The dismissal of these claims and Parties shall have no effect upon Plaintiff's claims against Defendant Susan King.

So **ORDERED** and **SIGNED** this **26th** day of **March, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE