**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MICHAEL GEOFFREY PETERS,** | § | |
| **Plaintiff,** | § § § | |
| v. | § § | Case No. 6:19-CV-424-JDK-JDL |
| **STATE OF TEXAS, ET AL.,** | § § | |
| **Defendants.** | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Geoffrey Peters, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 15, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 25), recommending that the case be dismissed for failure to prosecute or to obey an order of the Court, and for failure to effect service of process. *Id.* at 4. Plaintiff filed objections on August 7, 2020. Docket No. 26.

On April 1, 2020, the Court ordered Plaintiff to "contact the United States District Clerk for the Eastern District of Texas and request the issuance of summons." Docket No. 16 at 1. The Court also stated: "The time for service of process upon the Defendant is extended to 90 days after the date that Peters receives this order. Should he fail to effect service upon King within that time, the claims against her may be dismissed without prejudice for failure to effect service of process." *Id.* at 2. Plaintiff failed to obey this order.

In his objections, Plaintiff claims that it was not possible for him to comply with the Court's order because the State of Texas is engaged in "cover-ups" and is "preventing Petitioner from

subpoenaing the Defendants." Docket No. 26 at 10. Plaintiff also argues that he "did contact the Court and he did further ask for the subpoenas, which the court refused to send him." *Id.* at 8.

The Court overrules Plaintiff's objections. Plaintiff's objections lack merit and do not set out any valid basis for rejecting the Magistrate Judge's Report and Recommendation. Further, although Plaintiff states that he asked the Court for "subpoenas," the docket does not reflect any such request. Thus, the Magistrate Judge properly concluded that Plaintiff failed to obey an order of the Court and failed to effect service of process.

This Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (the district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 25) be **ADOPTED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court, and failure to effect service of process.

So **ORDERED** and **SIGNED** this **20th** day of **August, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE